MARY F. MURPHY ET AL.

*vs.*

GEORGE K. MACKEY ET AL.

*Discharge of Receivers—Appeal—Accounting.*

An order discharging receivers does not so affect the rights of the parties to the proceeding that an appeal therefrom will lie.

p. 617

Receivers appointed for the real estate of a decedent with the concurrence of all the heirs, on the assumption that decedent died intestate, were properly discharged when the highest court of another State, in which any contest as to the validity of decedent's will was properly cognizable, decided in favor of the validity of such a will. 　 p. 617

The lower Court, in ordering the receivers to turn over to the devisees under decedent's will any balance of monies in their hands, merely followed the judgment of the foreign court upholding the will, which was in effect that those claiming as heirs, at whose instance the receivers were appointed, had no right or title in decedent's real estate, and hence such order cannot be regarded as an adjudication as to the title to the real estate, and as such not within the lower court's jurisdiction, as a court of equity. 　 p. 618

*Decided January 15th, 1920.*

Appeal from the Circuit Court of Baltimore City (GORTER, J.).

The cause was argued before BOYD, C. J., BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and ADKINS, JJ.

*Eldridge Hood Young* and *John S. Young,* for the appellants.

*George R. Gaither,* for the appellees.

PATTISON, J., delivered the opinion of the Court.

On the 17th day of February, 1914, some of the appellants filed a bill in the Circuit Court of Baltimore City against the other appellants alleging that the plaintiffs and defendants therein were the owners in fee of the real estate therein mentioned and described, consisting of a farm in Baltimore County and two ground rent properties in the City of Baltimore not susceptible of division among them and asking that the same be sold for the purpose of partition. The bill also alleged that there was rent then due and payable which the owner of the leasehold desired to pay and that "it would be for the interest and advantage of all the parties that a receiver be appointed to collect the rents and to pay the taxes and other charges on said real estate. That the real estate situate in Baltimore County needs to be looked after and cared for, which can be done better by a receiver acting under and by authority" of the Court.

The defendants answered, admitting the facts alleged in the bill and consenting to the passage of an order appointing a receiver as prayed.

The property sought to be sold is alleged in the bill to have been the property of Sarah A. Knight who died on the 13th day of October, 1913, unmarried, leaving no children or descendants of children, and leaving no brothers or sisters, or descendants of brothers or sisters, or father or mother, surviving her, but leaving the plaintiffs and defendants and one John E. Murphy, who died intestate and unmarried before the filing of the bill, "descendants of her grandfather on the part of her father, as her only heirs at law, to whom said real estate descended, and in whom the title to the same vested." It is not alleged in the bill that the said Sarah A. Knight died intestate.

The Court upon the bill and answer passed its order of February 17th, 1914, appointing Eldridge Hood Young receiver for the real estate, with authority to collect the rents arising out of same, and to pay and discharge all taxes and

other legal charges for which the same was liable. Thereafter George R. Gaither, counsel for the appellees in this Court, was made a co-receiver with Eldridge H. Young. This fact, however, does not appear in the record, but it was so stated in the argument of the case.

So far as the record discloses, nothing more was done until July 12th, 1915, when one George Knight Mackey and The Title Guarantee and Trust Company, a corporation under the laws of the State of New York, filed their petition, in which it is alleged that the proceedings were instituted by the plaintiffs "for the purpose of taking possession of the real estate of Sarah A. Knight, deceased, on the theory that the said Sarah A. Knight had died intestate; that on the contrary, the said Sarah A. Knight died after making a last will and testament, which is sufficient to convey real estate under the laws of the State of Maryland."

It was also alleged that by a certificate of the Register of Wills of Baltimore City, containing a certified copy of said will, it was shown that the will had been duly admitted to probate in the Orphans' Court of said city, and letters of executorship had been granted to the petitioners. The petition then prayed that the receivers appointed in the cause be discharged, and the proceedings dismissed.

On April 11th, 1916, an answer was filed thereto by the plaintiffs and defendants, in which they denied the truth of the allegation that the bill was filed on the theory that the said Sarah A. Knight had died intestate. They also denied that the said Sarah A. Knight died after making a last will and testament sufficient to convey real estate under the laws of the State of Maryland, and charged therein that the respondents to the petition were the only heirs at law and next of kin of said Sarah A. Knight, and as such were entitled to all the real estate of which she died, seized and situate in the State of Maryland. They further averred that they, as her heirs at law, immediately upon her death, entered upon

and took possession of her said real estate and that they have ever since been, and still are, in possession of it.

They also averred that the alleged will, if it were the will of Sarah A. Knight, which they did not admit but denied, was not operative to vest the title to the real estate, of which she died seized, situate in the State of Maryland, in the executors aforesaid, as they, under the will, took only a naked power.

The answer further averred that the alleged writing, purporting to be the last will and testament of Sarah A. Knight, had not been finally admitted to probate in the jurisdiction where it was offered for probate, namely, in the Surrogate's Court for the County of New York, in the State of New York, that the contest over the validity of said will is still pending in the Courts of New York City, where the *matter is properly cognizable.*

In the answer it is also charged that the respondents, "being the heirs at law and next of kin of the said Sarah A. Knight and having entered into and taken possession of the real estate of which Sarah A. Knight died seized and possessed and being in possession of the same as aforesaid, at the time they applied for the appointment of receivers in this case, it would be inequitable, illegal and unjust to discharge the receivers so appointed," as it would, constructively at least, take the possession of said property from the respondents and deprive them of its possession and the benefit to which their possession entitled them, and that by so doing, there would be no one in possession against whom the respondents could proceed and upon whom process could be served.

The learned judge, after hearing the testimony upon such petition and answer, on the 8th day of October, 1918,

> "ordered and decreed that said petition of said executors be, and the same is hereby dismissed, without prejudice, however, to said executors to institute such proceedings at law or in equity which said executors may consider proper for the purpose of establishing

their alleged claim to the property held under this receivership, or to take any further proceedings in the cause which they may deem necessary."

On the day of the passage of the last named decree, a supplemental petition was filed by George K. Mackey individually, and by him and The Title Guarantee and Trust Company, as executors aforesaid, in which it is alleged,

"That since the hearing upon said petition, the appeal of the parties plaintiffs and defendants in this cause, other than your said petitioners, against the decree of the Supreme Court of the State of New York in admitting said will of the said Sarah A. Knight to probate, has been finally disposed of by the Court of Appeals of the State of New York, and the contest of the parties against said will finally decided against them, as will appear by a reference to certified copies of orders of affirmance of the original decree admitting said will to probate, which copies are filed herewith marked exhibit and prayed to be taken as part hereof.

"That as will appear by a reference to said will of the said Sarah A. Knight, the said executors are authorized and empowered to sell all of the property of said Sarah A. Knight and distribute same among certain devisees named in said will, and your petitioners state that George K. Mackey is one of the parties entitled to receive a share of the estate under the terms of said will, and that none of the original parties to this cause, either as plaintiffs or defendants, are entitled to any share whatsoever in the said estate of the said Sarah A. Knight.

"And your petitioners further state that the pendency of the present suit instituted by the said original parties is in the nature of a cloud upon the title of the said petitioners and of all the persons entitled to receive the said estate of the said Sarah A. Knight."

The petition then prayed that an order be passed "rescind-
ing the order of the Court appointing receivers in this cause
and discharging said receivers * * * and requiring said re-
ceivers to file an account of their receipts and expenditures
under said receivership"; and after the filing of said ac-
count and the ratification of the same, that the proceedings
be dismissed.

To this petition a demurrer was first filed which was over-
ruled and thereafter a plea was filed in which it was alleged
that the respondents to the petition were then and had "been
since before the date of the filing of the original bill of com-
plaint in this case, in possession of the property in said bill
mentioned and described, claiming title to the same"; and
that the petitioners could not have their right or title to the
property litigated in such case because said petitioners had a
complete and adequate remedy of law.

Testimony was taken thereon and on the 20th day of Feb-
ruary, 1919, the Court passed its order overruling the plea.
Thereafter on March 7th an answer was filed to the petition
in which the respondents denied that the appeal taken by
them from the Supreme Court of the State of New York to
the Court of Appeals of that State had been finally disposed
of and decided adversely to them. They also denied that the
original suit was "in the nature of a cloud upon the title of
the said petitioners * * * to the property mentioned in the
proceedings"; but if so that the Court was "without jurisdic-
tion to hear and determine the same."

Upon the supplemental petition and answer, testimony was
taken and the Court on May 22nd, at the conclusion of the
testimony, ordered and decreed "that the orders appointing
the receivers in this cause be, and the same are hereby re-
scinded, and that said receivers, Eldridge Hood Young and
George R. Gaither be, and they are hereby discharged as said
receivers in this cause, and that said receivers be, and they
are hereby ordered and directed to immediately account be-
fore one of the auditors of this Court for all monies received

by them during their receivership, and that upon the ratification of the said auditor's account to be stated in this cause and the payment of any monies remaining in their hands to the devisees under the will of Sarah A. Knight, the said receivers be finally discharged." It is from that order of the Court that this appeal is taken.

It will be seen that there are but two questions decided by the order or decree appealed from. The first is the discharge of the receivers and the second that they account for any pay over to the devisees, under the will of Sarah A. Knight, deceased, the monies remaining in their hands as receivers.

At the time of the appointment of said receivers, proceedings, instituted by the appellants, assailing the validity of the will of Sarah A. Knight, were pending in the Courts of New York. This fact is admitted by the appellants in their answer to the original petition asking for the discharge of the receivers, for in it they say, "the contest over said will is still pending in the Courts of New York City, where the *matter is properly cognizable.*"

Whether the plaintiffs had any rights in the aforesaid lands would not be known or ascertained until the validity *vel non* of the will was determined in the pending proceedings in said Courts of New York. It was while the decision of that question was pending in said Courts, that they made their application for the appointment of a receiver because, as they state in their bill, there was "need" of some one to care for the lands and collect the rents as they became due and payable; and under these circumstances, the Court granted their request and appointed receivers. But after the said will of Sarah A. Knight, under which the appellants took no interest in said lands, had been held valid in said Courts of New York, the Court below, when applied to by a beneficiary and the executors of said will, very properly, we think, ordered the discharge of the receivers. But if this were not so, there would be nothing in the discharge of the receivers

affecting the rights of the parties from which an appeal would lie. *Cain* v. *Warford,* 7 Md. 286.

Upon the discharge of the receivers, it became necessary that the Court should make some provision in their order or decree for the disposition of the monies, if any, remaining in their hands as such receivers, and it directed that such monies should be paid to the devisees under the will of Sarah A. Knight, deceased. It is contended by the appellants that the Circuit Court of Baltimore City, a Court of Equity, in directing the monies to be so paid to the devisees under said will, decided that the title to the lands mentioned was in the devisees under said will, and not in the appellants; and this contention, it seems, was not only the ground of the demurrer to the appellees' supplemental petition, but upon such contention they, throughout the entire proceedings, questioned the jurisdiction of the Court to pass the order appealed from.

The appellants themselves invoked the jurisdiction of the New York Court to determine the validity of the will, a Court which they admit had jurisdiction to decide that question. They were in that Court at the time of the filing of the original bill, although in their bill they make no reference to said will or to the pending proceedings in the Courts of New York, wherein they were attempting to have it declared invalid. They, in their bill, ignore the will entirely and claim title to the lands as the only heirs at law of Sarah A. Knight, deceased.

The New York Court, whose jurisdiction was invoked by the appellants, decided adversely to them and held the will valid and, upon appeal to the Court of Appeals of that State, its judgment was affirmed. It was that Court which determined the rights of the appellants as to the lands sought to be sold as belonging to them, and the Circuit Court of Baltimore City, in passing the order appealed from, directing the monies remaining in the hands of the receivers to be paid over to the devisees under that will, was but following the judgment of that Court sustaining said will, which in effect

decided that the plaintiffs had no right or title in said lands, as they were not beneficiaries under the will, such adjudication having been brought to its attention by evidence offered in the progress of their hearing before it.

During the hearing a number of exceptions were taken to the rulings of the Courts upon the admission of certain documentary evidence. The main objection urged against the admissibility of this evidence, and the only one that we need refer to, is that the Court had no jurisdiction to try and determine the title to the lands mentioned in the bill. We need not discuss this objection in view of what we have already said as to the character of the Court's determination or decision in passing the order appealed from.

The order or decree appealed from will be affirmed.

*Order affirmed, with costs.*